UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 01-8288-CIV-Marra
Magistrate Judge Seltzer

| | | |
|---|---|---|
| AIR TURBINE TECHNOLOGY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Oral Argument Requested |
| | ) | |
| ATLAS COPCO AB, ATLAS COPCO TOOLS AB, ATLAS COPCO NORTH AMERICA INC., and ATLAS COPCO TOOLS INC., | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION UNDER RULES 26(b) AND 30(a)(2)
TO EXTEND DEPOSITIONS AND FOR COSTS**

Defendants Atlas Copco Tools AB ("ACTAB"), Atlas Copco North America Inc. ("ACNA"), and Atlas Copco Tools and Assembly Systems, Inc. ("ACTAS") (f/k/a Atlas Copco Tools Inc.) (collectively "Atlas Copco") submit this motion pursuant to Rules 26(b) and 30(a)(2) of the Federal Rules of Civil Procedure for (a) leave to take additional depositions and (b) for additional deposition time with ATT's expert Christopher J. Leisner at ATT's expense.

In accordance with Rule 26.1(I) of the Local Rules of the Southern District of Florida ("Local Rules"), counsel for Atlas Copco has conferred with counsel for plaintiff Air Turbine Technology, Inc. ("ATT") in a good faith effort to resolve the issues raised in this motion. After lengthy discussions over the past five weeks, the parties were unfortunately unable to resolve the issues.

For grounds for this motion Atlas Copco states:

1. Rule 30 imposes a limit of ten depositions per side without an agreement or court order to the contrary.

2. Thus far, Atlas Copco has taken nine fact depositions in this case: a 30(b)(6) deposition of plaintiff, a document custodian deposition of Wolcott & Associates, and the individual depositions of Andre Hilton, Kemma Dodds, and five ATT distributors identified by ATT (Jorgen Funk, Wil Verbruggen, Jurgen Uhlarz, Peter Hold, and Hans Westin).

3. Atlas Copco currently has five additional 30(b)(6) deposition notices of ATT outstanding and deposition notices to William Doyle, Simon Shane, and Edward Blewitt.

4. Atlas Copco also currently intends to depose Richard Rhoney, Abby Petzenbaum, and possibility two or three other third party witnesses, if they agree.

5. Assuming all of these depositions occur, Atlas Copco would need authorization to take up to twenty-two depositions, although six of them would be 30(b)(6) depositions of ATT.

6. ATT will have taken fifteen fact depositions in this case by the close of discovery.

7. ATT has refused to allow Atlas Copco to take more than ten depositions in this case.

8. During a June 18, 2002 telephone conference with Judge Middlebrooks, the parties addressed ATT's request to raise the ten deposition limit to fifteen depositions. At the time, Atlas Copco opposed the request because they believed, and continue to believe, that ATT's claims are meritless and that the additional depositions would merely fuel ATT's fishing expedition. The Court was not persuaded and granted ATT's request.

9. The twenty-two requested depositions are necessary because of ATT's late identification of individuals with knowledge, its continual refusal to adequately respond to defendants' discovery, and its inability to fully articulate the factual bases for its allegations.

30335603v1

This is also compounded by five ATT distributors who relatively recently provided written statements relating to the issues in this case.

10. One of the reasons that Atlas Copco at first opposed an increased number of depositions, but now seek additional depositions for themselves is that at the time, ATT had only identified six individuals, other than Atlas Copco's employees or former employees, as persons likely to have discoverable information that the disclosing party may use to support its claims or defenses.

11. ATT's Rule 26 disclosures also generically identified "Distributors or Representatives" but failed to specify who these distributors or representatives were or where they were located. ATT has never updated these disclosures. Thus, at the time of the conference call with Judge Middlebrooks, Atlas Copco believed that ten depositions per side would be sufficient.

12. During the June 18, 2002 conference call with the Court, the parties also addressed ATT's responses to ACTAB's First Set of Interrogatories to Plaintiff Air Turbine Technology, Inc. (Nos. 1-7). ACTAB asserted that ATT's responses were woefully deficient and requested supplementation. One of ACTAB's complaints was that despite being requested to do so, ATT never specifically identified by name any individuals with knowledge of ATT's contentions in this case. The Court agreed with ACTAB's complaints and ordered that ATT supplement its responses by July 2, 2002.

13. It was not until ATT served these responses that plaintiff identified any additional individuals with knowledge of ATT's allocations. In its supplemental responses, ATT identified for the first time Andre Hilton, and seven ATT distributors: Jorgen Funk, Wil Verbruggen, Jurgen Uhlarz, Peter Hold, Abby Petzenbaum, Hans Westin and Sara Zecchini, among others. In

late August and early September, most of these distributors also produced signed statements in support of ATT's claims. It then became apparent to Atlas Copco that additional depositions would be required so the knowledge of the late identified individuals could be determined.

14. Since being notified of these additional witnesses, defendants have taken the depositions of Andre Hilton, Hans Westin, Jorgen Funk, Wil Verbruggen, Jurgen Uhlarz and Peter Hold. Further investigation has revealed other people who were never disclosed by ATT but should have been. Thus, Atlas Copco's request for additional depositions is necessitated in large part by ATT's late identification of individuals who possess discoverable information related to plaintiff's claims.

15. The additional depositions are necessary to adequately prepare Atlas Copco's case for trial.

16. Additional time is required with Mr. Leisner due to his production of subpoenaed and analysis-related documents during his deposition and because of the complexity and sheer magnitude of his damaged calculations.

17. Mr. Leisner did not produce some critical documents until the deposition. Mr. Leisner arrived at the deposition with a black binder and a yellow folder full of documents that even he admits are responsive to the subpoena and may of which were "reviewed and relied upon in preparing [his] expert report in this case… " As a result, Atlas Copco was unable to review the 314 pages of produced documents, which included a previously undisclosed damages analysis, the documents that underlie Mr. Leisner's methodology for choosing the compeitors in the pneumatic tool market, and many other previously undisclosed documents that were instrumental to his $71,900,000 damage analysis.

4

18. The parties have had several communications regarding the continued deposition of Mr. Leisner. ATT initially only offered an additional 15 minutes with Mr. Lesiner over the telephone since the original deposition went on for six hours and forty-five minutes. After additional discussions, ATT offered a maximum of three hours with Mr. Leisner in Chicago at Atlas Copco's expense. Atlas Copco continues to believe that they were not afforded ample opportunity to review the critical damages related documents and analysis and will, therefore, need an additional seven hours with him.

19. Because Mr. Leisner's continued deposition is necessitated by his failure to timely produce subpoenaed documents that also served to support his analysis, the additional deposition time should be at ATT's expense. These expenses should include fees for the court reporter and videographer, any fees to the witness and travel expenses.

20. A memorandum in support of this motion and a proposed order are being filed and served concurrently with this motion.

Based on the foregoing, Atlas Copco respectfully requests that they be permitted to take a total of twenty-two depositions in this case and that they be granted an additional seven hours of deposition time with Mr. Leisner at ATT's expense.

30335603v1

Dated:  November 27, 2002       By: _____*Wm. P.A.*_____
William P. Atkins (admitted *pro hac vice* by order)
Scott J. Pivnick (admitted *pro hac vice* by order)
Pillsbury Winthrop LLP
1600 Tysons Boulevard
McLean, Virginia 22102
(703) 905-2000
(703) 905-2500 Facsimile

Susan J. Kohlmann, Esq. (admitted *pro hac vice* by order)
Pillsbury Winthrop LLP
One Battery Park Plaza
New York, New York 10004

John C. Dotterrer, Esq.
Florida Bar Member No. 267260
Law Offices of John C. Dotterrer, P.A.
125 Worth Avenue, Suite 310
Palm Beach, FL  33480

Attorneys for defendants Atlas Copco Tools AB, Atlas Copco North America Inc. and Atlas Copco Tools and Assembly Systems Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the above document, DEFENDANTS' MOTION UNDER RULES 26(b) AND 30(a)(2) TO EXTEND DEPOSITIONS AND FOR COSTS, was served upon the attorneys of record for Air Turbine Technology, Inc. by the following methods this 27th day of November 2002 to:

FACSIMILE AND FIRST CLASS U.S. MAIL
Richard L. Horn, Esq.
Quarles & Brady LLC
500 W. Madison Street, Suite 3700
Chicago, Illinois 60661-2511

FIRST CLASS U.S. MAIL
Ned R. Nashban
Quarles & Brady LLC
One Lincoln Place
1900 Glades Road, Suite 355
Boca Raton, Florida 33431

FIRST CLASS U.S. MAIL
Casey K. Weidenmiller
Ka'imi Lani Jones
Quarles & Brady LLP
Attorneys for Plaintiff
4501 Tamiami Trail North, Suite 300
Naples, FL 34103-3060

*Wm. P. A.*
Attorney for Defendants

30335603v1