CONFIDENTIAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 01-8288-CIV-Marra/Seltzer

AIR TURBINE TECHNOLOGY, INC.,

Plaintiff,

v.

ATLAS COPCO AB, ATLAS COPCO
TOOLS AB, ATLAS COPCO NORTH
AMERICA INC., and ATLAS COPCO
TOOLS INC.,

Defendants.

NIGHT BOX FILED
JUN 13 2003
CLARENCE MADDOX
CLERK, USDC/SDFL/FTL

### DEFENDANTS' MOTION TO EXCLUDE THE EXPERT TESTIMONY OF CHRISTOPHER LEISNER UNDER FED. R. CIV. P. 702

Defendants ("Atlas Copco") move this Court to exclude the expert testimony of Air Turbine Technology, Inc.'s ("ATT's") damage expert, Christopher Leisner, under Rule 702 of the Federal Rules of Civil Procedure. As supported by the attached Memorandum, Atlas Copco states:

1. ATT complains that Atlas Copco infringed ATT's U.S. patent, violated the Lanham Act, breached a contract, breached a confidential relationship, committed fraud, and engaged in unfair competition through Atlas Copco's sale and advertisement of the Atlas Copco Model TSF 07 S650 Die Grinder ("TSF 07").

2. Yet, only nine TSF 07's were sold in the entire United States for a gross revenue of $3,600. Throughout the world, Atlas Copco affiliates sold only 531 TSF 07's, before stopping sales.

**CONFIDENTIAL**

3. Despite the few sales and negligible profits accrued by Atlas Copco, ATT's damage expert submits that Atlas Copco's sales and advertising of the TSF 07 caused $67,000,000 in damages to ATT.

4. Because a so-called "expert" witness can have such persuasive power over a jury, Rules 403 and 702 of the Federal Rules of Evidence militate against the general policy for liberal admission of evidence where expert witnesses are concerned.[1]

5. The Supreme Court and the Eleventh Circuit have provided a framework for the trial court's gatekeeping inquiry:

> We engage in a three part inquiry to determine the admissibility of expert testimony under Fed. R. Evid. 702. Specifically, we must consider whether:
> (1) [T]he expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.[2]

6. As articulated in the attached memo, Mr. Leisner's testimony should and must be excluded because it does not meet any of there three requirements (helpfulness, reliability, qualification).

---

[1] Federal Rule of Civil Procedure 702 provides that:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Rule 403 cautions: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, ...."

[2] *Quiet Technology DC-8, Inc. v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333, 1340-41 (11th Cir. 2003) (quoting *City of Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3d 548, 562 (11th Cir. 1998)).

2

30380062v1

**CONFIDENTIAL**

7. For these reasons, as well as those articulated in the expert reports of David Ellrich and Terry Musika (**Exhibits R and S**), Atlas Copco respectfully requests the Court to exclude the testimony of Christopher Leisner under Rule 702 of the Federal Rules of Civil Procedure.

Dated: June 13, 2003          By: _____Wm. P_____

| William P. Atkins* <br> Scott J. Pivnick* <br> Guillermo E. Baeza* <br> Benjamin L. Kiersz* <br> Pillsbury Winthrop LLP <br> 1600 Tysons Boulevard <br> McLean, Virginia 22102 <br> (703) 905-2000 <br> (703) 905-2500 Facsimile | Susan J. Kohlmann* <br> Pillsbury Winthrop LLP <br> One Battery Park Plaza <br> New York, New York 10004 <br> (212) 858-1000 <br> (212) 858-1500 Facsimile | John C. Dotterrer, Esq. <br> Florida Bar No.: 267260 <br> Law Offices of John C. Dotterrer, P.A. <br> 125 Worth Avenue, Suite 310 <br> Palm Beach, FL 33480 <br> (561) 802-3808 <br> (561) 802-3318 Facsimile |
|---|---|---|
| Attorneys for Atlas Copco ||| 

* admitted *pro hac vice* by order

3

30380062v1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the above document, DEFENDANTS' MOTION TO EXCLUDE THE EXPERT TESTIMONY OF CHRISTOPHER LEISNER UNDER FED. R. CIV. P. 702, was served upon the attorneys of record for Air Turbine Technology, Inc. on this 13th day of June 2003 via facsimile and U.S. first class mail to:

>  Richard L. Horn, Esq.
>  Gregory Smith
>  Quarles & Brady LLC
>  500 W. Madison Street, Suite 3700
>  Chicago, Illinois 60661-2511
>
>  Ned R. Nashban
>  Quarles & Brady LLC
>  One Lincoln Place
>  1900 Glades Road, Suite 355
>  Boca Raton, Florida 33431
>
>  Casey K. Weidenmiller
>  Ka'imi Lani Jones
>  Quarles & Brady LLP
>  Attorneys for Plaintiff
>  4501 Tamiami Trail North, Suite 300
>  Naples, FL 34103-3060

*Benjamin L. Kim*
Attorney for Atlas Copco