UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 01-8288-CIV-MARRA

AIR TURBINE TECHNOLOGY, INC.,

    Plaintiff,

vs.

ATLAS COPCO AB, ATLAS COPCO TOOLS AB,
ATLAS COPCO NORTH AMERICA, INC.
and ATLAS COPCO TOOLS, INC.,

    Defendants.
_____/



## ORDER

This cause is before the Court sua sponte. After careful review of the briefs submitted by the parties pertaining to Defendants' Consolidated Motion for Attorney's Fees, Costs and Reservation of Jurisdiction [DE 526], the Court has determined that there are several issues that would assist the Court in rendering its decision and that were not briefed by either side.

Plaintiff asserted several basis for subject-matter jurisdiction, including federal question jurisdiction, diversity jurisdiction and patent jurisdiction. The Court requests that the parties address whether Florida Statute § 768.79 ("section 768.79") applies to this action under Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938). Erie would only apply to this case if jurisdiction is based on diversity of citizenship. The parties should address the applicability of Erie in a case brought under these three jurisdictional bases. If Erie applies, the parties should examine whether section 768.79 is a substantive or procedural law. In making these arguments, the parties should discuss the following cases: McMahan v. Toto, 311 F.3d 1077 (11th Cir. 2002);

Keesee v. Bank of America, 371 F. Supp. 2d 1370 (M.D. Fla. 2005); BDO Seidman, LLP v. British Car Auctions, Inc., 802 So.2d 366 (Fla. Dist. Ct. App. 2001).

It is unclear from the briefs whether Defendants seek attorney's fees under the Lanham Act and for the defense of the patent claim. Compare Defendants' Motion at 13 ("[Defendants] [are] also permitted to recover its attorney's fees for the defense of [Plaintiff's] Lanham Act claim") to Defendants' Reply at 5 n.25 ("While [Defendants] do[ ] not formally seek [their] attorney's fees for [the] patent infringement or Lanham Act claim . . .")  If Defendants inform the Court that they seek fees for these federal claims, the parties should examine if section 768.79 is preempted by the Lanham Act or any other federal act.  See JES Properties, Inc. v. USA Equestrian, Inc., ___ F. Supp.2d ___, No. 8:02CV1585T24MAP, 2006 WL 1359939, at * 6 (M.D. Fla. Mar. 17, 2006) ("[t]o award attorneys' fees under Fla. Stat. § 768.79, based upon state law claims permitted in federal court by the supplemental jurisdiction statute, would impermissibly substitute the interests of Fla. Stat. § 768.79 for those expressly provided for by the Sherman Act").

Finally, in interpreting the provisions of the Private Band Agreement, the parties should discuss whether the Court should apply Florida substantive law or federal substantive law.  The parties are advised that they are afforded leeway in addressing all of these issues and are permitted to address related issues that would assist in the disposition of this motion.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1) The parties' submissions are to be filed simultaneously and are due by June 27, 2006.

2) The parties' responses are to be filed simultaneously and are due by July 14, 2006.

**DONE and ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 5 day of June 2006.

_____
KENNETH A. MARRA
United States District Judge

Copies furnished to:

All Counsel of record