UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 01-8288-CIV-MARRA/SELTZER

AIR TURBINE TECHNOLOGY, INC.,

    Plaintiff,

vs.

ATLAS COPCO AB, ATLAS COPCO
TOOLS AB, ATLAS COPCO NORTH
AMERICA INC., and ATLAS COPCO
TOOLS INC.,

    Defendants.
_____/

## OPINION AND ORDER

This cause is before the Court upon Defendants' Consolidated Motion for Attorney's Fees, Costs and Reservation of Jurisdiction [DE 526]. On June 5, 2006, the Court requested supplemental briefing from the parties [DE 560]. The Court has reviewed the submissions of the parties and the matter is now ripe for review.

### I. Background[1]

Defendants' initially sought, under the parties' Private Brand Agreement ("Agreement"), attorney's fees, costs and expenses for each of Plaintiff's six causes of action[2] in the amount of $5,555,181.50 in legal fees and costs.[3] (Def. Mot. 8; Ex. A, attach. to Def. Mot.) In addition,

---

[1] Familiarity with the Court's prior orders and the entire court file is presumed.

[2] The six counts were: patent infringement, Lanham Act violation, breach of contract, fraud, breach of confidential relationship and state unfair competition.

[3] Defendants seek $4,260,425.90 in attorney's fees and $783,596.32 in costs under the Agreement.

Defendants claimed entitlement under Florida Statute § 768.79 for all attorney's fees and costs incurred after making their "all-inclusive offer of judgment" to Plaintiff on July 5, 2002. (Def. Mot. 12; Ex. E, attach. to Def. Mot.) Defendants also requested an award for attorney's fees for their defense of the Lanham Act claim, contending it was filed in bad faith. (Def. Mot. 14.) Lastly, Defendants argued that they are entitled to recover $269,989.40 in costs under 28 U.S.C. § 1920 and Rule 54(d)(1) of the Federal Rule of Civil Procedure. (Def. Mot. 22.)

Plaintiff contends the Agreement does not specify an entitlement to attorney's fees nor does it permit recovery of legal costs or expenses, unless the party seeking recovery brought the action or enforced a judgment. (Pl. Resp. 4-5.) In the alternative, Plaintiff states that any recovery by Defendants under the Agreement should be limited to the breach of contract claim. (Pl. Resp. 7.) Plaintiff denies the validity of Defendants' offer of judgment, claiming it failed to settle all the issues involved in the litigation and violated the Supremacy Clause of the United States Constitution. (Pl. Resp. 11-13.) Furthermore, Plaintiff asserts its Lanham Act was not filed in bad faith. (Pl. Resp. 14-16.) Lastly, Plaintiff characterizes Defendants' request for fees and costs under Rule 54(d)(1) of the Federal Rule of Civil Procedure as unreasonable and unsubstantiated. (Pl. Resp. 16.)

In Defendants' supplemental briefing, Defendants modified their request for fees and costs under Florida Statute § 768.79. Although Defendants maintain their entitlement under this statute for the breach of contract, fraud and breach of confidential relationship claims, they concede that the remaining claims preempt application of Florida Statute § 768.79.[4] (Def. Suppl.

---

[4] Despite that representation, Defendants state that their contract defense costs and fees include the costs and fees incurred to defend against Plaintiff's patent infringement and Lanham Act claims "because these claims define elements of [Plaintiff's] breach of contract claim." (Def.

4; Def. Suppl. Resp. 7.)

## II. Discussion

Entitlement under Florida Statute § 768.79, Offer of Judgment

On July 5, 2002, Defendants' attorney sent an offer of judgment to Plaintiff's counsel.[5] (Ex. E, attach. to Def. Mot.)   The cover letter stated that the offer was "for a total amount of $100,000.00 in settlement of all of plaintiff's claims against all remaining defendants. The offers are not divisible among claims or defendants. It is an all or nothing proposition." (emphasis in original)  The offer of judgment stated that "[t]he settlement proposal/offer of judgment includes all pending claims against all defendants and all claims for costs and attorney['s] fees." (emphasis in original).

Florida's offer of judgment statute is strictly construed, and ambiguous offers are unenforceable. Willis Shaw Express, Inc. v. Hilyer Sod, Inc., 849 So. 2d 276, 278 (Fla. 2003); Stasio v. McManaway, 936 So. 2d 676, 678 (Fla. Dist. Ct. App. 2006).  As such, "relevant conditions and all non-monetary terms of the offer [must] be stated with particularity." Nichols v. State Farm, 851 So. 2d 742, 746 (Fla. Dist. Ct. App. 2003), approved, 932 So. 2d 1067 (Fla. 2006) (emphasis in original); see also Connell v. Floyd, 866 So. 2d 90, 92 (Fla. Dist. Ct. App. 2004); Bennett v. American Learning Systems of Boca Delray, Inc., 857 So. 2d 986, 988 (Fla. Dist. Ct. App. 2003).  Any offer of judgment must be "specific as possible, leaving no

---

Suppl. 3.)

[5] Defendants sent three versions of the offer of judgment.  According to the cover letter, one offer was pursuant to Rule 68 of the Federal Rules of Civil Procedure, another offer was pursuant to Florida Statute § 768.79 and Rule 1.442 of the Florida Rules of Civil Procedure, and the third offer combined both federal and state rules. Notably, Defendants do not seek recovery of costs under Rule 68 of the Federal Rules of Civil Procedure. (Def. Mot. 1; Def. Suppl. 10.)

ambiguities so that the recipient can fully evaluate its terms and conditions." Nichols, 851 So. 2d at 746.

Moreover, in reviewing a request for attorney's fees under Florida Statute § 768.79, the Court notes that offers of judgments that address a plaintiff's monetary claim, but fail to address a plaintiff's claim for injunctive relief, have been rendered invalid. See Di Paola v. Beach Terrace Assoc., Inc., 718 So. 2d 1275,1277 (Fla. Dist. Ct. App. 1998); see also Jes Properties, Inc. v. USA Equestian, Inc., 432 F. Supp. 2d 1283,1293-94 (M.D. Fla. 2006). Likewise, an offer of judgment is defective if it fails to specify the amount of money offered to each separate party that pursues a separate and distinct claim. United Svcs. Automobile Assoc. v. Behar, 752 So. 2d 663, 664 (Fla. Dist. Ct. App. 2000); see also Lamb v. Matetzschk, 906 So. 2d 1037, 1042 (Fla. 2005) (mandating that offers of settlement be differentiated between the parties, even if a party's liability is vicarious). Thus, Florida law directs that offers of judgment must be clear and fully inclusive of all claims. Otherwise, an ambiguous offer of judgment would undercut the purpose served by the Florida statute; namely, to terminate litigation in its early stages and allow for immediate enforcement upon acceptance of the offer. Di Paola, 718 So. 2d at 1277; see also Lamb, 906 So. 2d at 1042-43 (Pariente, J., concurring).

With these principles in mind, the Court finds that Defendants' offer of judgment was defective. The language in the offer stated that it included all pending claims and the cover letter accompanying the offer informed Plaintiff that the offer was an "all or nothing proposition" and "not divisible among claims." Clearly, the offer unequivocally sought to settle all claims, including the federal claims. Cf. 1 Nation Tech. Corp. v. A1 Teletronics, Inc., 924 So. 2d 3, 6-7 (Fla. Dist. Ct. App. 2005) (offer that seeks to settle "all claims" includes the claim for injunctive

relief despite the failure of the offer to specifically address the claim for injunctive relief). However, as now conceded by Defendants, the federal claims preempt application of Florida Statute § 768.79. (Def. Supp. 4.) Nonetheless, the offer was contingent on settling all claims, even claims that could not legally be settled under Florida Statute § 768.79. By stating the offer covered all of Plaintiff's claims, including the federal claims, Defendants' offer was over-inclusive. As such, this over-inclusive offer placed Plaintiff in an untenable position. Plaintiff may have believed that the offer was reasonable relative to the state claims and may have accepted the offer if it had been properly limited to the state claims. By improperly including in the offer the requirement that the federal claims also be resolved, Plaintiff was denied the opportunity to consider an offer which was limited in scope only to the claims which legally could have been the subject of a § 768.79 offer. Thus, Plaintiff was placed in the position of having to choose to accept an offer that violated the preemption doctrine. Given the level of specificity that Florida law requires of any offer made pursuant to Florida Statute § 768.79, the Court finds that an over-inclusive offer of judgment, which places an opposing party in the position of having to decide whether to accept an offer that includes claims which legally may not be encompassed in the offer, must be treated similarly to an under-inclusive offer that fails to address a particular claim. Hence, Defendants' offer of judgment is invalid and Defendants' claim for attorney's fees and costs pursuant to Florida Statute § 768.79 is denied.

### Attorney's Fees under the Lanham Act, 15 U.S.C. § 1117(a)

Defendants seek attorney's fees under the Lanham Act, as a prevailing party in an exceptional case. (Def. Mot. 14.) In support, Defendants claim this case was exceptional "because there is clear evidence that [Plaintiff's] Lanham Act claim was filed in bad faith." (Def.

Mot. 14.)  The Eleventh Circuit has stated that "[e]xceptional cases are those where the infringing party acts in a malicious, fraudulent, deliberate, or willful manner." Planetary Motion, Inc. v. Techsplosion, Inc., 261 F.3d 1188, 1205 (11th Cir. 2001) quoting Burger King Corp. v. Pilgrim's Pride Corp., 15 F.3d 166, 168 (11th Cir.1994) (internal quotation marks omitted). Based on the Court's review of the record in this case, Defendants have not shown that there is clear evidence that Plaintiff filed its Lanham Act claim in bad faith.  Thus, this is not an exceptional case warranting an award of attorney's fees.

Although the Court granted summary judgment in favor of Defendants on the Lanham Act claim, Plaintiff had raised a genuine issue of material fact as to whether Defendants' advertisement was literally false [DE 441 at 14].  Furthermore, on the question of causation, Plaintiff did submit a declaration and deposition testimony of a witness which, if admissible, would have created a genuine issue of material fact for trial on that claim.  The Court concluded, however, that the testimony of this witness was inadmissible hearsay. As a result, the Court ruled that Plaintiff could not, as a matter of law, prove an essential element of the Lanham Act claim. Although the testimony was not admissible, it did, in conjunction with other deposition testimony submitted by Plaintiff,[6] demonstrate that there was a good faith basis for Plaintiff to pursue the Lanham Act claim.  The mere fact that Plaintiff was ultimately unsuccessful on the merits is insufficient to support the conclusion that Plaintiff brought the claim in bad faith. Hence, Defendant's claim for attorney's fees pursuant to 15 U.S.C. § 1117(a) is denied.

## Costs under Rule 54(d)(1) and 28 U.S.C. § 1920

Defendants seek to recover its costs as a prevailing party "as of course" under Rule

---

[6] *See* Deposition testimony outlined at p. 15 of DE 441.

54(d)(1) and, as defined, under 28 U.S.C. § 1920.  According to Defendants, they incurred $269,989.40 in recoverable court reporter, transcript and copying costs between Plaintiff's filing of this suit on April 6, 2001 and October 31, 2003. (Def. Mot. 22.)  Plaintiff does not challenge the application of Rule 54(d)(1) and 29 U.S.C. § 1920; instead Plaintiff argues that the costs sought by Defendants are "unreasonable and unsubstantiated."[7] (Pl. Resp. 16.)  Because, as will be discussed more fully below, the Court will require an evidentiary hearing to resolve the question of which of Defendants' legal costs and expenses "arise out of this Agreement", the Court will defer ruling on the amount to which Defendants are entitled under this rule and statute until the conclusion of the hearing.

### Paragraph 17 of the parties' Agreement

Paragraph 17 of the Agreement between Defendants and Plaintiff states:

> "[T]he Party prevailing in any legal action arising out of this Agreement shall be entitled to receive its legal costs and expenses in bringing any such action and enforcing any judgment, from the non-prevailing Party.

(Ex. A, attach. to Def. Mot.)

Turning first to Defendants' claim that the "legal costs and expenses" provision in the Agreement entitles them to attorney's fees, the Court notes that both parties agree that the Agreement must be construed under Florida state law. (Def. Suppl. 15; Pl. Suppl. 10.)  A review of Florida law demonstrates that "legal costs and expenses" are not construed to include attorney's fees.  To begin, contractual provisions regarding attorney's fees must be strictly construed. See Pici v. First Union Nat'l Bank of Florida, 705 So. 2d 50, 51 (Fla. Dist. Ct. App.

---

[7] Plaintiff also argues that Defendants should not be awarded costs because Defendants' violated ethical and legal standards. (Pl. Suppl. 14.)  The Court rejects this argument.

1997); Venetian Cove Club, Inc., v. Venetian Bay Developers, Inc., 411 So. 2d 1323, 1324 (Fla. Dist. Ct. App. 1982). The Fourth District Court of Appeals has explained that, to enforce an agreement for one party to pay another party's attorney's fees, the agreement "must unambiguously state that intention and clearly identify the matter in which the attorney's fees are recoverable." Sholkoff v. Boca Raton Comm. Hosp., Inc., 693 So. 2d 1114, 1118 (Fla. Dist. Ct. App. 1997). The terms "costs" and "expenses" are not construed to include attorney's fees. Commercial Svc. of Perry v Campbell, 861 So. 2d 1258 (Fla. Dist. Ct. App. 2003); Wendel v. Wendel, 852 So. 2d 277, 282 (Fla. Dist. Ct. App. 2003); Zosman v. Schiffer/Taxis, Inc., 697 So. 2d 1018, 1019 (Fla. Dist. Ct. App. 1997).[8] Thus, based on Florida law, the Agreement does not create an entitlement for attorney's fees.

Next, the Court examines whether the Agreement entitles Defendants to costs and expenses, outside of attorney's fees. According to Plaintiff, Defendants are precluded from recovery because Defendants did not bring the action or seek to enforce a judgment. (Pl. Resp. 5.) However, Defendants argue that any prevailing party is entitled under the agreement to recover its legal fees and costs. (Def. Mot. 8; Def. Reply 2.)

Paragraph 17 of the Agreement provides that the "Party" who prevails can recover its legal costs and expenses from the "Party" who does not prevail. The use of the word "Party" demonstrates an intent that <u>either</u> the prevailing plaintiff or the prevailing defendant is entitled to recover its legal costs. Plaintiff attempts to link the phase in paragraph 17 which provides "in

---

[8] Florida law permits "costs and expenses" to be construed as including attorney's fees if an applicable statute defines those terms to include attorney's fees. See Wiggins v. Wiggins, 446 So. 2d 1078, 1079 (Fla. 1984); Rose Printing Co., Inc. v. Wilson, 602 So. 2d 600, 603 (Fla. Dist. Ct. App. 1992).

8

bringing any such action and enforcing any judgment" to the term "the Party prevailing" to suggest that only the party who brings the action or seeks to enforce the judgment can recover. Plaintiff, in effect, argues that the Agreement should read that the plaintiff prevailing in any legal action shall recover its legal costs from the non-prevailing defendant. Thus, Plaintiff seeks to alter the clear, unambiguous and commonly understood meaning of the term "prevailing party" and rewrite the contract.

The Court concludes that the phrase "in bringing any such action and enforcing any judgment" was not meant to limit the meaning of the word "Party" or refer to the person initiating the action. Rather, the phrase was intended to refer to the act which caused the generation of the legal costs and expenses. In other words, paragraph 17 was intended to entitle the prevailing party, whether the plaintiff or the defendant, to recover its legal costs and expenses incurred as a result of the bringing of any action arising out of the Agreement or the enforcement of any judgment. As a result, the Court finds that Defendants are entitled to recover their legal costs and expenses "arising out of" of the Agreement.[9]

Lastly, Defendants claim that they are contractually entitled to recover legal costs and expenses for all six claims brought by Plaintiff due to the inseparable and intertwined nature of these claims. Plaintiff opposes this request and asserts that any recovery of costs and expenses must be limited to the breach of contract claim. Such a determination, however, requires a

---

[9] The Court rejects Defendants' argument that they are entitled to an award of costs and expenses under the Agreement as a result of Florida Statute § 57.105(7). That statute only applies to contractual provisions for the recovery of attorney's fees, not costs. As previously discussed, Paragraph 17 of the Agreement does not entitle either party to the recovery of attorney's fees.

factual inquiry by the Court.[10]  The Court will conduct an evidentiary hearing to determine which legal costs and expenses arose out of the Agreement.

### III. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1)  Defendants' Consolidated Motion for Attorney's Fees, Costs and Reservation of Jurisdiction [DE 526] is **granted in part, denied in part and reserved in part**.  The Court denies Defendants' request for attorney's fees in its entirety.  The Court concludes that Defendants are entitled to legal costs and expenses under the Agreement and costs under Rule 54(d)(1) and 28 U.S.C. § 1920.  However, the Court reserves judgment on the amount of legal costs and expenses to be awarded Defendants.  A forthcoming order shall set a date for a hearing to make this determination.

**DONE AND ORDERED** in chambers at West Palm Beach, Palm Beach County, Florida this 27th day of February 2007.

```
                                      _____
                                      KENNETH A. MARRA
                                      United States District Judge
```

Copies to:

---

[10] Plaintiff's supplemental submission raises, for the first time, an argument that Defendants are not prevailing parties and thus not entitled to legal expenses and costs under the Agreement. (Pl. Suppl. 13.)  The Court rejects this argument, as the final judgment was entered on Defendants' behalf and against Plaintiff. [DE 509]  See Moritz v. Hoyt Enterprises, Inc., 604 So. 2d 807, 810 (Fla. 1992) (under Florida law, the trial judge determines which party has in fact prevailed on the significant issues tried before the court in determining the prevailing party for the purpose of attorney's fees)

All counsel of record