UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 01-8288-CIV-MARRA/JOHNSON

AIR TURBINE TECHNOLOGY, INC.,

    Plaintiff,

vs.

ATLAS COPCO AB, ATLAS COPCO
TOOLS AB, ATLAS COPCO NORTH
AMERICA INC., and ATLAS COPCO
TOOLS INC.,

    Defendants.

_____/

## OPINION AND ORDER

This cause is before the Court upon Defendants' Consolidated Motion for Attorney's Fees, Costs and Reservation of Jurisdiction [DE 526]. On February 27, 2007, the Court issued an Order [DE 568] granting in part, denying in part and reserving in part Defendant's motion. Specifically, the Court reserved ruling on the amount of legal costs and expenses to be awarded Defendants in order that a hearing could be held. A hearing was held on June 5, 2007 and the matter is now ripe for review.

With respect to an award of legal costs and expenses, the Court must address Defendants' argument that, under the Agreement entered into by the parties, they are contractually entitled to recover legal costs and expenses in the amount of $783,596.32 for all six claims brought by Plaintiff due to the inseparable and intertwined nature of those claims. (Def. Mot. 10, 12.) According to Defendants, these costs and expenses include "all litigation-related expenses," such

as expert witness fees, travel and lodging expenses, all costs under 28 U.S.C. § 1920, and demonstrative exhibit production costs. (Def. Mot. 10.) In contrast, Plaintiff argues that only the breach of contract claim arose out of the agreement, and therefore any award of legal costs and expenses should be limited to those costs and expenses that stem directly from the breach of contract claim. (Pl. Resp. 8.) In addition, Defendants seek to recover its costs as a prevailing party "as of course" under Rule 54(d)(1) and, as defined, under 28 U.S.C. § 1920. According to Defendants, they incurred $269,989.40 in recoverable court reporter, transcript and copying costs. (Def. Mot. 22.) Plaintiff does not challenge the application of Rule 54(d)(1) and 29 U.S.C. § 1920; instead Plaintiff argues that the costs sought by Defendants are "unreasonable and unsubstantiated." (Pl. Resp. 16.)

### I. Costs awarded under the parties' Agreement

Paragraph 17 of the Agreement between Defendants and Plaintiff states:

> "[T]he Party prevailing in any legal action arising out of this Agreement shall be entitled to receive its legal costs and expenses in bringing any such action and enforcing any judgment, from the non-prevailing Party.

(Ex. A, attach. to Def. Mot.)

According to Defendants, "the breach of contract claim indisputably arises out of the Agreement,"[1] and "substantively encompasses" the patent infringement claim, Lanham Act false advertising claim and state unfair competition claim. (Def. Mot. 8-9.) Additionally, Defendants argue that the fraud claim and breach of confidential relationship claims "arise out of" the Agreement. (Def. Mot. 9.)

The Court concludes that the patent infringement, Lanham Act and unfair competition

---

[1] Plaintiff does not dispute this assertion. (Pl. Resp. 11.)

2

claims do not arise from the contract. Additionally, the fraud claim did not arise out of the contract. Plaintiff alleged that Defendants used the contract as a means of perpetuating the fraud. The fraud allegedly occurred by Defendants making false and misleading representations to Plaintiff to induce them to enter into the contract for the purpose of obtaining confidential and proprietary information which they intended to use wrongfully for their own purposes. Because Plaintiff alleged Defendants had devised a fraudulent scheme, one aspect of which was entering into the contract, the fraud claim did not arise out of the contract.

On the other hand, the breach of confidential relationship claim did arise out of the contract. First, Plaintiff alleged that it was through the making of the contract that the confidential relationship came into existence. (Am. Compl. ¶ 43.) Second, Plaintiff alleged that the confidential relationship was breached by Defendants violating the provisions of the contract which required Defendants to keep Plaintiff's proprietary information confidential. (Am. Compl. ¶¶ 43, 44.) Because the confidential relationship arose of out of the contract and because the confidential relationship was allegedly breached by virtue of Defendants' breach of the contract, the breach of confidential relationship claim "arose out of the contract."

The Court concludes that a reasonableness element must be read into the contract provision. See Neustrom v. Union Pacific Railroad Co., 156 F.3d 1057, 1068 (10th Cir. 1998) ("a duty to act reasonably must be read into every contract"); Western Surety Co. v. Bradford Elec. Co., Inc., 483 F. Supp. 2d 1114, (N.D. Ala. 2007) (the concept of reasonableness must be applied to claims for indemnification of attorney fees). As such, the prevailing party is not entitled to recover all costs and expenses regardless of the amount or the purpose. With that in mind, the Court will rule on the costs and expenses to be awarded under the contract. Turning to the expert

witness fees, the only expert used at trial was a patent expert which did not relate to the breach of contract or breach of confidential relationship. However, David Ellrich was a damage expert whose work was related to both the breach of contract and confidential relationship claims. It was necessary for Defendants to obtain a damage expert to prepare for trial in order to refute Plaintiff's significant damage claim. While Gilbert Matthews was also hired for valuation which related to damages, his work and Ellrich's work overlapped and reimbursing Defendants for two expert damage witnesses would be unreasonable. Therefore, the Court will only award the costs and expenses associated with Ellrich's work. The Court will not award any costs for Ellrich after the taking of his second deposition since he did not testify at trial. The total amount awarded is $114,575.70. Exhibit A attached hereto provides an itemized list of the expert witness costs awarded by the Court.

The Court will award the total cost of trial transcripts, $24,694.10, which was needed for the appeal. In addition, the Court will award the cost of court-ordered mediation services in the amount of $2,792.23. Since mediation was ordered by the Court, the cost associated with the mediation is a reasonable expense related to the contract and breach of confidential relationship claims. Finally, the Court will award $1,905.52 for the cost of conference rooms needed to take depositions, as these are necessary out-of-pocket costs associated with taking the depositions.[2] Exhibit B attached hereto provides an itemized list of the costs associated with the cost of the conference rooms.

No other costs and expenses will be awarded under the contract. With respect to depositions, the Court will not award the cost of video recordings. Video recordings are a

---

[2] The Court will address awarding the costs of deposition transcripts infra.

convenience to the parties and not necessary to the prepare for trial or to present evidence.

Additionally, the Court will not award costs and expenses relating to (1) computer research; (2) mailing or delivery costs; (3) telephone or faxing costs; (4) secretary overtime or (5) word processing services. All of those costs and expenses are either attorney overhead and should be included in the billing rates the attorneys charge or are part of the attorney's fees which Defendants cannot receive in this case.

The Court will not award costs associated with having out-of-state counsel admitted pro hac vice. Defendants chose to retain out-of-state counsel when able and competent local counsel was available to defend the case. The cost of Defendants' choice should not be bourne by the non-prevailing party.

The Court will not award costs of airfare, taxi, limousine or car transport services, laundry, furniture rental, the purchase of items for demonstrations or for use at depositions and the purchase of parts.

II. Costs awarded under Rule 54(d)(1) and 28 U.S.C. § 1920

The particular items that may be taxed as costs are set out in 28 U.S.C. § 1920:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

>(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Although the decision to award costs is discretionary with the Court, it may only tax those items specifically enumerated in 28 U.S.C. § 1920, absent alternative statutory authority. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987); EEOC v. W & O, Inc., 213 F.3d 600, 620 (11th Cir. 2000).  Defendants seek costs in the amount of $269,989.40 for court reporter and transcripts costs ($85,013.87) and copy costs ($184,975.53).

A. Court reporter and transcript costs

Under 28 U.S.C. § 1920, taxable costs may include fees of the court reporter for "all and any part of the stenographic transcript necessarily obtained for use in the case." The Eleventh Circuit has held that the taxation of deposition costs comes from the parameters of this section. United States Equal Employment Opportunity Commission v. W & O, Inc., 213 F.3d 600, 620 (11th Cir. 2000). ("Though 1920(2) does not specifically mention a deposition . . . depositions are included by implication in the phrase 'stenographic transcript.'") "The question of whether the costs for a deposition are taxable depends on the factual question of whether the deposition was wholly or partially 'necessarily obtained for use in the case.'" Id. at 620-21. "[A] deposition taken within the proper bounds of discovery will normally be deemed to be 'necessarily obtained for use in the case' and its costs will be taxed unless the opposing party interposes a specific objection that the deposition was improperly taken or unduly prolonged." George R. Hall, Inc. v. Superior Trucking Co., 532 F. Supp. 985, 994 (N.D. Ga. 1982) quoting Jeffries v. Ga. Residential Fin. Auth., 90 F.R.D. 62, 63 (N.D. Ga. 1981).  Likewise, depositions relied upon for summary judgment motions are taxable. Helms v. Wal-Mart Stores, Inc., 808 F. Supp. 1568,

1572 (N.D. Ga. 1981), aff'd, 998 F.2d 1023 (11th Cir. 1993). By contrast, "where the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." W & O, 213 F.3d at 620 quoting Goodwall Const. Co. v. Beers Const. Co., 824 F. Supp. 1044, 1066 (N.D. Ga. 1992), aff'd, 991 F.2d 751 (Fed. Cir. 1993).

The Court will award the cost of deposition transcripts for witnesses relating to all of the claims in the amount of $28,474.83.  Exhibit C attached hereto provides an itemized list of recoverable transcript costs.

B.  Photocopying Charges

Photocopying are considered a taxable cost pursuant to 28 U.S.C. § 1920 if they are necessarily obtained for use in the case. See McGregor v. Board of County Commissioners for Palm Beach County, 130 F.R.D. 464, 465 (S.D. Fla. 1990).  The Eleventh Circuit has instructed that "in evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." W & O, 213 F.3d at 623.  It is not necessary that photocopies be used at trial or in any papers filed with the court to be taxable. Id. (rejecting argument that photocopies were not necessary because they were not used as court exhibits nor furnished to the court or opposing counsel). Charges for photocopies made merely for the convenience of counsel or the parties, however, are not taxable. Blevins v. Heilig-Meyers Corp., 184 F.R.D. 663, 668 (M.D. Ala. 1999);  Desisto College v. Town of Howey-in-the-Hills, 718 F. Supp. 906, 913 (M.D. Fla.1989), aff'd, 914 F.2d 267 (11th Cir.1990); Allen v. Freeman, 122 F.R.D. 589, 591 (S.D. Fla. 1988).

With regard to the copying costs, Defendants have failed to establish the reasonable

necessity of the overwhelming majority of their copying costs. Furthermore, the Court notes that if it were awarding copying costs under the contract, the Court would choose to only award one-third of the copying costs it is awarding Defendants under Rule 54(d), as one-third of the copying costs would represent two out of the six claims pursued by Plaintiff. However, Rule 54(d) entitles Defendants to all recoverable copying costs for the entire case without regard to contractual limitations. Thus, the Court will award Defendants $28,728.30 for copying costs. Exhibit D attached hereto provides an itemized list of recoverable copying costs.

### III.. Conclusion

Defendants shall be awarded for costs and expenses in the amount of $201,170.68. The Court will separately enter judgment for Defendants.

**DONE AND ORDERED** in chambers at West Palm Beach, Palm Beach County, Florida this 26th day of February 2008.

KENNETH A. MARRA
United States District Judge

Copies to:

All counsel of record

| EXPERT WITNESS INVOICE NUMBER | AMOUNT |
|---|---|
| 8341 | $42,469.00 |
| 8381 | $14,399.93 |
| 8453 | $8,429.62 |
| 9234 | $3,315.00 |
| 9574 | $19,394.00 |
| 9809 | $14,093.29 |
| 9903 | $12,474.86 |
| TOTAL AMOUNT: | $114,575.70 |

EXHIBIT NO. A

| CONFERENCE ROOM FOR DEPOSITIONS INVOICE NUMBER | AMOUNT |
|---|---|
| 26/3210 | $436.50 |
| 254031 | $190.80 |
| 220046/0000001A-51 | $180.00 |
| 125-CONF-CU-51 | $572.40 |
| N173519 | $525.82 |
| **TOTAL AMOUNT** | $1905.52 |

EXHIBIT NO. B

| DEPOSITION TRANSCRIPT INVOICE NUMBER | AMOUNT |
|---|---|
| 20741 | $525.11 |
| 3791 | $1,182.94 |
| 20945 | $140.13 |
| 1522 | $373.25 |
| 4656 | $1,496.00 |
| 57983 | $805.41 |
| 221073 | $1,493.00 |
| 58522 | $840.70 |
| 4898K | $1,095.00 |
| 4903K | $816.00 |
| 4902K | $810.00 |
| 4906K | $1,053.00 |
| 4907 | $816.00 |
| 4926 | $35.00 |
| 2379 | $311.00 |
| 2649 | $1,239.90 |
| 2651 | $1,698.80 |
| 62880 | $702.71 |
| 62938 | $871.91 |
| 62963 | $1,413.89 |
| 62961 | $575.50 |
| 63210 | $506.31 |
| 6348 | $2,752.27 |
| 63717 | $1,598.13 |
| 64342 | $588.60 |
| 14003334 | $650.62 |

EXHIBIT NO. C

| | | |
|---|---|---|
| 2299 | $842.10 | |
| 2381 | $332.00 | |
| 2259 | $2909.55 | |
| **TOTAL AMOUNT** | **$28,474.83** | |

| COPYING INVOICE NUMBER | AMOUNT |
|---|---|
| 7001719 | $213.75 |
| 7001720 | $2,087.25 |
| 5127 | $577.31 |
| 4717 | $985.91 |
| 4754 | $1,083.02 |
| 4766 | $486.82 |
| 4839 | $66.12 |
| 4841 | $277.81 |
| 4842 | $237.96 |
| 626 | $169.92 |
| 4888 | $133.51 |
| 4916 | $531.04 |
| 4903 | $277.55 |
| 27776 | $181.18 |
| 4924 | $1,075.95 |
| 4953 | $1,021.09 |
| 630 | $88.45 |
| 4999 | $1,021.48 |
| 5002 | $326.55 |
| 5003 | $1,382.74 |
| 5123 | $1,344.92 |
| 5000 | $1,423.54 |
| 5125 | $1,400.78 |
| 5124 | $1,396.64 |
| 5047 | $159.17 |
| 5131 | $984.91 |
| 5117 | $1,414.41 |

EXHIBIT NO. D

| 5118 | $1,430.32 | |
|---|---|---|
| 5116 | $1,269.81 | |
| 5115 | $1,203.32 | |
| 5114 | $1,322.58 | |
| 5113 | $1,263.14 | |
| 5111 | $848.54 | |
| 5087 | $1,040.82 | |
| **TOTAL AMOUNT** | **$28,728.30** | |